Wardlaw J.
delivered the opinion of the Court.
By the deed a legal estate was conveyed to W. Iv. Taylor, his executors and administrators, for and during the life of his wife. Whether his marital rights attached, or whether he held as trustee for the sole and separate use of his wife, it is unimportant, perhaps unsuitable, for this Court to inquire. It is enough that he was legal owner. But the deed, as seems plain, gave the property alter the wife’s death to her children, and it *444 is unimportant to consider what would have been the result here, had the husband been constituted trustee for the separate use of the wife during her life, and for her children after her death, and the possession had been acquired by the children, after the death of the wife and the accomplishment of all the apparent purposes of the trust.
The case is then the ordinary one of conveyance for life, with remainder—sale by the tenant for life, and contest between the purchaser and a remainderman. If neither party be affected by registry, the remainderman must prevail, because he has the prior and better evidence of title.
If other views of the deed be taken, so that the question of registry be material, this Court, although the members of it arrive at the conclusion by various processes, is of opinion that the registry of the deed in the Secretary of State’s office, was sanctioned by our Statutes, so as to be notice to all subsequent purchasers.
The motion is therefore dismissed.